NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL ZACARIAS-ALDANA, | No. 21-70957 |
| Petitioner, | Immigration File No. A206-892-018 |
| v. | |
| MERRICK GARLAND, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel previously determined unanimously that the case should be
submitted on the briefs and record, without oral argument. *See* Fed. R. App. P.
34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Petitioner Miguel Angel Zacarias-Aldana, a citizen of Guatemala, was apprehended shortly after he entered the United States without inspection and was served with a notice of intent to reinstate his prior removal order, which had led to his removal in 2015. *See* 8 U.S.C. § 1231(a)(5).[1] He did not contest reinstatement but expressed a fear of returning to Guatemala and sought withholding of removal and relief under the Convention Against Torture ("CAT"). At his 2021 reasonable fear interview ("RFI"), Zacarias-Aldana claimed to fear two cartels active in Guatemala. He described an experience in 2015 during which he was kidnapped by unidentified men, taken to a secluded place, beaten until his hand was broken, and told to call his parents to ask for a ransom payment. His parents paid the ransom, and Zacarias-Aldana was released after several hours. Zacarias-Aldana's family also made payments in response to other extortionate threats. Then, in 2018, his father was killed by two unidentified men three days after extortionists called demanding more money. The asylum officer ("AO") found that Zacarias-Aldana did not have a reasonable fear of persecution or torture and denied relief. Zacarias-Aldana requested review by an immigration judge ("IJ"), who affirmed and adopted the AO's reasoning.

1.      Zacarias-Aldana timely petitioned for review on both substantive and

---

[1] Unless otherwise specified, all internal quotation marks, elisions, alterations, emphases, and citations are omitted from all sources cited herein.

procedural grounds. We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review the factual findings underlying the IJ's denial of relief for substantial evidence and must therefore deny the petition "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* We review due process challenges to reasonable fear proceedings *de novo*. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021).

**2.**     Even assuming *arguendo* that Zacarias-Aldana had suffered past persecution, which the AO found he had not, then denial of withholding of removal would still be appropriate because he failed to establish a reasonable possibility of proving that any of the prior extortion, kidnapping, or murder experienced by him or his family had a nexus to a protected ground. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019). In his RFI, Zacarias-Aldana conceded that the ransom and extortion demands were financially motivated, because his family had a successful transportation and ranching business. Nothing in the record compels a contrary conclusion. An "alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Zacarias-Aldana fails to make out a nexus to any particular social group. Accordingly, he has identified neither legal nor factual error sufficient to grant his petition for review.

**3.** With respect to Zacarias-Aldana's CAT claim, the AO determined that he failed to show sufficient state action. This is fatal, because even assuming *arguendo* that he would likely be tortured upon his return, "torture must be by government officials or private actors with government acquiescence" to qualify for CAT relief. *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019). There is no evidence that any of the unidentified assailants or extortionists were affiliated with the Guatemalan government, and there is no record evidence that compels us to conclude that the government acquiesced to his torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (generally ineffective policing does not establish acquiescence).

**4.** Zacarias-Aldana also raises four due process challenges. Reversal requires proof that "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).

**A.** Zacarias-Aldana's reasonable fear interview was conducted via a Spanish interpreter. During the interview, the telephone line disconnected three times, though a new interpreter was connected each time. "[T]o make out a due process violation as a result of an incompetent translation, [the applicant] must demonstrate that a better translation likely would have made a difference in the outcome." *Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir. 2004). But Zacarias-Aldana demonstrated none of the

three recognized types of evidence that tend to prove incompetent translation: "direct evidence of incorrectly translated words, unresponsive answers by the witness, and the witness' expression of difficulty understanding what is said to him." *Id.* Nor has Zacarias-Aldana identified any specific prejudice, and none is apparent from our independent review of the record. He has thus failed to make out a due process claim.

**B.**     Zacarias-Aldana's claim for inadequate notice of the IJ's reasonable fear review hearing is potentially serious, because neither he nor his counsel appeared, but he ultimately fails to establish that the agency failed to provide the notice that the applicable regulations require. The hearing was initially set for May 4, 2011, via a notice dated February 26, 2021, and served on Zacarias-Aldana. Then, on March 11, 2021, the IJ served a notice on Zacarias-Aldana that his hearing had been rescheduled for March 25, 2021. This notice was not served on Zacarias-Aldana's counsel, who only entered an appearance on March 16, 2021.[2]

Zacarias-Aldana points to no authority that required that the immigration court to serve the March 11, 2021, notice on his counsel. At the time, he was unrepresented in the immigration court, and the regulations provide that notice for an unrepresented applicant be sent to the applicant. 8 C.F.R. § 1292.5(a).

---

[2] The immigration court's electronic filing system, which counsel opted to use, permitted him to see the hearing date and time after appearing on the docket.

Accordingly, Zacarias-Aldana has demonstrated no procedural error with respect to notice.

**C.**     Zacarias-Aldana also claims that certain documents were erroneously excluded from the administrative record. But counsel's averment in an attorney declaration to have provided the AO original and translated versions of these documents does not accord with the RFI record. Even if we assume *arguendo* that the documents were improperly omitted, Zacarias-Aldana was not prejudiced. The AO credited Zacarias-Aldana's testimony, and his findings expressly addressed both his kidnapping and his father's murder, which were the subjects of the documents. No prejudice therefore accrued from a lack of corroboration on these points.

**D.**     Finally, the agency did not comply with the processing timelines set forth in the regulations, but Zacarias-Aldana suffered no prejudice from these delays. His RFI should have been provided within ten days of his referral to the AO, which occurred upon issuance of the "Decision to Reinstate Prior Order" form dated January 18, 2017, but it did not ultimately occur until February 23, 2021. 8 C.F.R. § 1208.31(b). Even if this delay dimmed Zacarias-Aldana's recollection—an assertion unsupported by the record—we would still find no prejudice. He relies heavily on the April 2018 murder of his father, an event that would not have yet occurred had he been timely interviewed in January 2017. While more than the regulatory maximum of 10 days elapsed between the February 23, 2021, RFI and

the March 25, 2021, reasonable fear review hearing, *see* 8 C.F.R. § 1208.31(f)–(g),

Zacarias-Aldana demonstrates no cognizable prejudice from this delay.

**PETITION DENIED.**